## HENDERSON v. JAMES.

</div>

The assignments of error in the motion for new trial disclose no erroneous ruling requiring a reversal of the judgment denying the motion. The verdict was authorized by the evidence.

<div align="center">No. 5714.   JULY 18, 1927.</div>

Equitable petition. Before Judge Pomeroy. Fulton superior court. October 23, 1926.

Abatement and Revival, 1 C. J. p. 126, n. 85.
Evidence, 22 C. J. p. 624, n. 18; p. 903, n. 39.
New Trial, 29 Cyc. p. 780, n. 49; p. 781, n. 50; p. 824, n. 41.
Trial, 38 Cyc. p. 1707, n. 98; p. 1711, n. 19.

*Sam C. Crane* and *John F. Echols,* for plaintiff in error.

*H. A. Allen,* contra.

HILL, J. Lillie Belle James brought a petition against Estelle Henderson, alleging as follows: Plaintiff is the owner of a certain described house and lot. She holds the property by virtue of a verbal contract with Lena Hill, deceased, during the year 1915, whereby Lena Hill, who was the owner of the property at that time, agreed with plaintiff that if she would live in the house with her, care for, nurse, and look after her generally, and act as her companion, she would make a will devising to the plaintiff this and all other property that she owned. Plaintiff accepted this contract, and performed it by living with Lena Hill the remainder of her life, waiting on her while she was sick, cooking, washing, and sewing for her, acted as her companion, and treating her just as a daughter would her mother, until the death of Lena Hill on February 8, 1925. Lena Hill died without making the will as per the contract, but plaintiff performed her part of the contract, and is therefore the owner of the property under and by virtue thereof. On April 11, 1925, Estelle Henderson pretended to rent the house and premises to a man whose name petitioner does not know, and he came to plaintiff's home with his household effects and undertook to move into the house and put plaintiff out. She refused to allow the man to move into the house, and ordered him from the premises. Nevertheless, while she was gone to consult her attorney, he did move into the house, and upon plaintiff's return she was forced to throw his property out on the street and drive him away in order to keep him from taking up his abode in her house. Estelle Henderson claims the property under an alleged deed from Lena Hill to herself, which purports to have been dated January 5, 1925, and recorded on March 25, 1925. The deed is a forgery, and was never signed by Lena Hill; and even if it had been, Lena Hill could not have made a valid deed, because of the contract she was under with plaintiff. The defendant has never been in possession of the property, and has no right to or interest in it. She is seeking to take possession of it by force through the man whose name petitioner does not know; and every time plaintiff leaves her home the defendant sends this man with his household effects to move in her house. They have gone so far as to have a case made against plaintiff in the police court, seeking to

prosecute her because she drove them away from her own premises and prevented them from moving into her house by force and over her protest; and the defendant is the actual prosecutor in the proceedings in the police court. The deed is a cloud upon the title to her land, and is a forgery. Lena Hill never received any consideration whatever therefor, and had no knowledge of the existence of the forged deed at the time of her death. The defendant is insolvent, and is unable to respond in damages for the annoyance and trouble she is causing plaintiff by trying to take her property by force. The plaintiff is remediless at law, and will suffer irreparable damages unless equitable relief be granted. She prays that Estelle Henderson, and those acting for her or by her authority, be enjoined from moving into the house, from going upon the premises, or in any way annoying or molesting the plaintiff in her possession of the property; that the forged deed be delivered up and canceled; and for general relief. Plaintiff amended by alleging actual possession of the house and premises since 1914, and since the death of Lena Hill on February 8, 1925, under bona fide claim of right; and title by virtue of the contract between herself and Lena Hill.

The defendant filed a plea of nonjoinder, and averred that the petition should abate because the personal representative of the estate of Lena Hill was not a party to the suit. The court overruled this plea; whereupon the defendant excepted pendente lite.

The defendant answered, denying the material allegations of the petition, and averring specifically that she had a deed to the property, duly signed, sealed, and delivered by Lena Hill on January 5, 1925, and recorded in the office of the clerk of the superior court; that the deed was made for a valuable consideration; that at the time the deed was made the plaintiff was living on the premises in controversy in the house of Lena Hill, deceased, under a contract to pay the latter for the use of the part of the house, and the joint use of the kitchen; that all the furniture in the house belonged to Lena Hill; that plaintiff did not wait on, cook, wash, sew for, or act as a companion to said Lena Hill; that the defendant paid an adequate consideration for the property, and the deed was signed, sealed, and delivered by Lena Hill, who was in full possession of her mental faculties; that it was understood that Lena Hill was to move away from the premises as soon

as the defendant could arrange for the purchase of a home in the fourth ward; that the defendant, as soon as the deed was executed, made every effort to purchase the home in question, and would have done so except for the fact that the defendant, as well as Lena Hill, became sick; that Lena Hill was to put into the purchase of the new home as much as $300, and it was understood and agreed in consideration of the $300 and the conveyance of the property in question by Lena Hill to this defendant, that the former for and during her natural life should thereafter continue to occupy the home with this defendant without further or additional cost to the said Lena Hill; and that the plaintiff has no claim against the estate of Lena Hill, deceased, and no right, title, equitable or legal interest to the premises in question. The defendant prays that the plaintiff be restrained from occupying the premises in question, or from interfering in any way with the occupancy or control of the same by the defendant; or that a receiver be appointed to protect the house and premises pending this litigation. On the trial the jury returned a verdict for the plaintiff, and "that the defendant be enjoined as prayed." The defendant made a motion for new trial, which was overruled, and she excepted.

1. The court did not err in overruling the plea in abatement on the ground that the personal representative of the deceased should be made a party to the suit. The plaintiff was not asking for specific performance of the contract, but was seeking merely to enjoin the defendant from interfering with her actual possession of the premises under a claim of right. While the petition asked for a cancellation of the deed on the ground of forgery, the brief of defendant in error states that the only relief asked for on the trial was for injunction, that the other grounds of relief were specifically abandoned. The verdict and decree were for injunctive relief only.

2. The first ground of the motion for new trial complains that the court erred in admitting, over objection of the defendant, the following testimony of Lillie Belle James, the plaintiff: "I collected about $275 of insurance after the death of Lena Hill." The objection urged is that the amount of insurance collected by plaintiff is irrelevant, immaterial, and incompetent. While we do not see the materiality or relevancy of the evidence admitted, we are of the opinion that it was not harmful to the defendant.

3.  Exception is taken to the admission of the following testimony of Dr. L. M. Hill, a witness for the plaintiff: "I am familiar with her handwriting.  This is not her signature to the paper, exhibited to me, purporting to be a deed," on the ground that the testimony is a conclusion of the witness.  The evidence is not open to the criticism.

4.  Complaint is made that the court erred in admitting, over objection, a letter purporting to have been written by Lena Hill, the deceased.  The introduction of the letter was objected to on the ground that the only proof of the genuineness of the letter was by the plaintiff, that this was the handwriting of the deceased.  The exception is that the "ruling of the judge was contrary to law, contrary to the rules of evidence."  This exception is without merit.

5.  Exception is taken to the allowance in evidence of the testimony of Vesta M. Ownby, a witness for the defendant, on cross-examination, as follows:  "I got out a notice to take depositions of Earnest L. Clayton, and I asked Mr. Dorsey if it would be all right to mail them to Clayton's address.  I did not know a commissioner over there; and Mr. Dorsey said it would."  The court overruled the objection that the evidence was irrelevant and im-' material, and stated that he would allow this part of the examination "solely for the purpose of what weight you may give it with reference to credibility of the witness."  The evidence was not inadmissible on the ground that it was immaterial or contrary to law.

6.  Complaint is made because the court admitted, over the objection of the defendant, the following testimony of Vesta M. Ownby in reference to the "wording of the deed in question: Q. "You used the word 'his' when both the maker and receiver of the deed were women, didn't you; yet you had both of women— you knew the maker of the deed, the grantor, was a woman, didn't you?"  To which question the witness replied:  "That is a typographical error.  I knew both the grantor and grantee were women.  I don't know how I happened to put in the word 'his' in there when making the deed to a woman."  This evidence was not inadmissible on the grounds that it was irrelevant, and that the law provides for such mistakes.

7.  Movant contends that the court erred in refusing to charge

the jury, upon written request, "that any contract for the sale of lands or concerning them must be in writing, and title to the land does not pass and is not acquired by parol contract," and that "equity will not, at the instance of one in possession of land, afford affirmative relief, such as the cancellation of deeds as clouds upon title, or the grant of an injunction against interference with his possession, where it appears that he has no title and his only relation to the property is possession acquired under such circumstances as that no prescription could be based thereon." This requested charge was not pertinent to the issue involved, and the refusal to give it to the jury was not error.

8. Nor was the refusal to give the following in charge error for any reason assigned, in view of the general charge: "If you . . believe that the deed in question was made and executed in accordance with law, between Lena Hill and Estelle Henderson, and delivered, then no matter what contract or promises between Lillie Belle James, the plaintiff, and Lena Hill, the grantor in the deed in question, may have been, could not affect the title of the grantee in the deed, unless the deed was made and executed between the parties with notice of the contract or agreement as alleged in the petition."

9. The evidence authorized the verdict, and the court did not err in refusing the motion for new trial.

*Judgment affirmed. All the Justices concur.*